## THE MASTER AND WARDENS OF THE PORT OF NEW ORLEANS *v.* SALVADOR PRATS.

The fees allowed to the Master and Wardens of the port of New Orleans, by the act of 17 February, 1821, are, at least when the services for which they are claimed have been actually rendered, not inconsistent with the constitution of the United States, nor with the act of Congress of 8 April, 1812, admitting the State of Louisiana into the Union.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Roselius*, for the plaintiffs.

*T. H. Howard*, for the appellant.

MARTIN, J. The defendant is appellant from a judgment by which the plaintiffs have recovered $305, being the amount of fees claimed under the act of the legislature, of the year 1821. B. & C's. Dig. 469.

His counsel has placed the case before us, exclusively on the unconstitutionality of the act, which he considers as a violation

Mudge and others v. Com'rs of the Exchange and Banking Company and others.

of the constitution of the United States, and especially of the 8th and 10th sections of article 1st, and also of the act of Congress for the admission of this State into the Union, and extending the laws of the United States thereto.

The constitutionality of the act of 1805, which first allowed fees to the Masters and Wardens (B. & C's. Dig. p. 465), has never been questioned, although they have been claimed for nearly forty years. In 1821, the fees, which are the object of the present suit, were established, in addition to those given by the former act. B. & C's. Dig. p. 469. If the former fees be constitutional, nothing has been said to induce us to pronounce the latter unconstitutional, except that the act of 1821 authorises the demand of the fees, although the services intended to be remunerated, were not rendered. The difficulty which this circumstance presents, vanishes before the admission that, in this case, the services for which remuneration is demanded, were actually rendered.

*Judgment affirmed.*